IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE TAYLOR, ) | |
| ) | Case No. 1:05-CV-00640 |
| Petitioner, ) | Criminal Case 1:03-CR-00035 |
| ) | |
| v. ) | Judge Ann Aldrich |
| ) | |
| UNITED STATES OF AMERICA, ) | Magistrate Judge Nancy A. Vecchiarelli |
| ) | |
| Respondent. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |

Before the court is *pro se* petitioner Lawrence Taylor's ("Taylor") motion for relief under 28 U.S.C. § 2255 [Docket No. 1], as well as several discovery related motions filed by Taylor [Docket Nos. 3, 10, 17] and Taylor's motion for appointment of counsel [Docket No. 22]. Respondent United States of America (the "Government") has filed a response to Taylor's petition [Docket No. 15]. For the following reasons, the court denies Taylor's motion for relief, denies his motion for appointment of counsel, denies as moot his discovery related motions, and certifies pursuant to 28 U.S.C. § 2253(c) that an appeal from this order would not be well-taken.

**I.      Background**

On January 23, 2003, Taylor was indicted for possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and for possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On December 5, 2003, the Government filed an information indicating that it would seek enhanced sentencing pursuant to 21 U.S.C. § 841(b)(1)(B) based on Taylor's earlier conviction in Ohio state court on a drug trafficking felony in

1996.  On that same date, Taylor pled guilty to the charges against him, without a plea agreement in place.  At that hearing, the following exchanges took place:

> The Court: You understand that by pleading guilty, you give up your right to a trial by a jury where you would have the right to counsel at every stage of the proceedings, including appointed counsel if you could not afford your own, the right to testify on your own behalf, the right not to testify if you choose not to, the right to compel witnesses to appear on your behalf, and the right to be presumed innocent unless the Government could prove otherwise beyond a reasonable doubt.  Do you understand that by pleading guilty you are giving up your right to that kind of trial?
>
> Taylor: Yes, Your Honor.
>
> The Court: And you understand by pleading guilty you also are giving up your right to appeal from your convictions on these two counts.  There may be sentencing questions that you could appeal, but you cannot appeal the convictions.  Do you understand that?
>
> Taylor: Yes.
>
> . . . .
>
> Counsel for Taylor: [I]n conjunction with the rights that the Court listed in terms of what Mr. Taylor is giving up, I also spoke with him about the fact that he is waiving his right to confront and cross-examine the witnesses against him at trial also.

Change of Plea Hr'g Tr., Case 1:03-CR-0035, December 5, 2003, at 5:17-6:9, 9:17-23.  The court then found, as a result of Taylor's answers to the court's questions, that he understood the nature of the charges against him, that he voluntarily, intelligently and knowingly waived his rights to a jury trial, to remain silent and to confront his accusers, and that his guilty plea was voluntary and

-2-

intelligent.

Taylor's counsel then filed a brief arguing that the court should not include the "career offender" sentencing enhancement on February 12, 2004. In the initial indictment, the Government had referred to two of Taylor's prior felony convictions as drug trafficking offenses. Taylor's counsel argued that the second of these offenses was not a drug trafficking offense under Ohio law, but a drug abuse offense and therefore would not trigger the "career offender" enhancement under the sentencing guidelines. The court accepted that argument at Taylor's sentencing hearing, and sentenced him as a non-career offender to a sentence of 162 months on the drug charge and 120 months on the firearm charge, to run concurrently, entering final judgment on March 2, 2004.

Taylor then filed the instant petition on February 28, 2005, seeking resentencing on the grounds that a plea agreement for a two-year sentence offered by Ohio state prosecutors should be enforced against federal prosecutors. The conduct which led to Taylor's federal indictment also led to charges in Ohio state court, which were later dismissed. Taylor contends that "Project Safe Neighborhoods" created a link between state and federal prosecutors so that Taylor's counsel in state court was ineffective for failing to advise him to take that plea bargain to avoid stiffer federal punishment, and that federal prosecutors should be bound by that two-year sentence offer. Taylor also contends that because the law library where he is imprisoned does not have Westlaw access, he has suffered some constitutional injury, that his sentence was imposed in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), that his plea was involuntary and unknowing, and that the enhancement of his sentence based on his firearm possession was "double-counting".

## II. Discussion

-3-

Title 28, Section 2255 of the United States Code allows a federal prisoner to seek relief if "[(1)] the sentence was imposed in violation of the Constitution or laws of the United States, [(2)] . . . the court was without jurisdiction to impose such sentence, [(3)] . . . the sentence was in excess of the maximum authorized by law, or [(4)] is otherwise subject to collateral attack." 28 U.S.C. § 2255. Errors which are not constitutional or jurisdictional in nature are considered waived for the purposes of relief under 28 U.S.C. § 2255, if they were not raised before the trial court or on direct appeal. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

Taylor's main claim of error is that he was denied effective assistance of counsel. To succeed on that claim, Taylor must demonstrate that counsel's performance was somehow deficient, and that such deficiency prejudiced Taylor in some fashion. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Taylor alleges first that his counsel in state court was ineffective because his state court counsel did not advise him to take the two-year offer to avoid stiffer federal penalties. That claim, however, does not present deficient behavior by state counsel, because even if Taylor had accepted that plea bargain, such a plea bargain would not have prevented Taylor's federal indictment. *United States v. Keeton*, 101 F.3d 48, 50 (6th Cir. 1996) (citing *Heath v. Alabama*, 474 U.S. 82, 88-89 (1985); *United States v. Andersen*, 940 F.2d 593, 596 (10th Cir.1991)) (holding that under the principle of dual sovereignty, a defendant may be convicted in federal court and state court for the same underlying conduct without being placed in double jeopardy). Taylor's second claim of ineffective assistance of counsel is that his federal public defender was deficient in failing to enforce the two-year state offer against the Government in this court. However, that claim does not present deficient behavior, as the offer by the state prosecutor is in no way binding upon federal prosecutors, as federal prosecutors were not involved in the offer by the state. Taylor makes only vague and

conclusory allegations of cooperation between state and federal prosecutors, but the record is clear that the cooperation between state and federal prosecutors necessary to bind federal prosecutors to the state offer did not exist.

Taylor next claims that the lack of Westlaw access is unconstitutional and therefore presents a claim for relief. Such a claim would be viable only if Taylor could demonstrate that he suffered actual injury hindering his efforts to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense"). Taylor has neither alleged nor demonstrated any such injury, and his claim for relief on this ground is therefore denied.

Taylor also claims that his sentence was imposed in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), and that he should be resentenced. However, Taylor's conviction and sentence became final in 2004, well before *Booker* was decided. And because the rule announced in *Booker* is not retroactive, it does not apply to cases that were final on direct review at the time *Booker* was decided in 2005. *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005). Taylor's claim for relief based on *Blakely* and *Booker* must therefore be rejected.

Next, Taylor claims that his guilty plea was somehow unknowing because the court failed to inform him of his rights to a jury trial, to confront his accuser, and to remain silent. The colloquy during the change of plea hearing shows that Taylor's claim is without merit. Taylor has not provided any reason to make the court question Taylor's representations in open court as anything other than voluntary, intelligent and knowing waivers of his rights, nor has he provided any reason

to question his counsel's advice before and during that hearing such that Taylor's plea would have been involuntary or unknowing. *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985). Therefore, Taylor's claim for relief on the basis of his plea is rejected.

Finally, Taylor contends that the court improperly enhanced his sentence for possession of a firearm in connection with the underlying drug offense pursuant to United States Sentencing Guideline § 2D1.1(b)(1), that his criminal history score was somehow improperly calculated, and that supervised release is somehow "unrealistic". However, Taylor does not explain how or why the court's application of the sentencing guidelines was incorrect, or why supervised release would be unrealistic. The court cannot grant relief based on Taylor's vague and conclusory allegations. Therefore, his final claim for relief must be rejected.

### III. Conclusion

As the court has rejected all of Taylor's claims for relief, his petition for habeas corpus pursuant to 28 U.S.C. § 2255 [Docket No. 1] is denied. Taylor's motion for appointment of counsel [Docket No. 22] is also denied, and his discovery motions [Docket Nos. 3, 10, 17] are denied as moot. The court certifies, pursuant to 28 U.S.C. § 2253(c), that an appeal from this order would not be well taken because Taylor has not made a substantial showing of the denial of any constitutional right.

IT IS SO ORDERED.

    /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: April 12, 2006**